## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **BESSIE BURGESS,** | ) | |
| **Plaintiff,** | ) ) | |
| **vs.** | ) ) | Case No.   13-cv-462-MJR-SCW |
| **SELT STINETT, SCOTT GOLIKE, and DETECTIVE METZLER,** | ) ) ) | |
| **Defendants.** | ) ) | |

### MEMORANDUM AND ORDER

**WILLIAMS, Magistrate Judge:**

Before the Court is Defendants' Motion For Dismiss for Want of Prosecution (Doc. 40). Defendants seek to dismiss Plaintiff's case with prejudice because Plaintiff has failed to participate in discovery by failing to appear for her scheduled deposition. On November 14, 2014, the Court held a hearing on the motion. Plaintiff did not appear. Plaintiff's counsel did appear but did not dispute the factual record presented in Defendants' motion. Based on the following, the Court **GRANTS** Defendants' motion for dismiss for want of prosecution (Doc. 40) and **DISMISSES** Plaintiff's case **with prejudice**.

**Federal Rule of Civil Procedure 41(b)** provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." In dismissing a case for lack of prosecution, the Seventh Circuit has indicated that a district court commits legal error "when it dismisses a suit 'immediately after the first problem, without exploring other options or saying why they would not be fruitful.'" *Sroga v. Huberman*, 722 F.3d 980, 982 (7th Cir. 2013) (quoting *Johnson v. Chi. Bd. of Educ.*, 718 F.3d 731, 732-33 (7th Cir. 2013)). The Seventh Circuit has suggested that in addition to a warning to the plaintiff, the court

must consider essential factors such as "the frequency and egregiousness of the plaintiff's failure to comply with other deadlines, the effect of the delay on the court's calendar, and the prejudice resulting to the defendants." *Id.* **(citing** *Kruger v. Apfel,* **214 F.3d 784, 786-87 (7th Cir. 2000)).**

        Here, the Court finds that Plaintiff has failed to prosecute her case by her continuous refusal to sit for a deposition and for her failure to participate in any of the scheduled meetings between Plaintiff and the Defendants.   The record indicates that Plaintiff's deposition was originally scheduled for January 22, 2014 but was canceled through a joint agreement of the parties (Doc. 40 at ¶ 2).   The case was stayed for a short time, thereafter, so that Plaintiff could obtain new counsel (Doc. 28).   The Court eventually recruited counsel for Plaintiff and the stay in the case was lifted on July 2, 2014 (Docs. 29 and 34).   Counsel for Defendants was able to schedule a deposition for October 10, 2014 after many conversations with Plaintiff's new counsel (Doc. 40 at ¶ 8).   Subsequent to the scheduled deposition date, Plaintiff indicated that she would be unable to appear for the deposition and the deposition was rescheduled for October 15, 2014 (*Id.*).   Plaintiff agreed to the scheduled date. Prior to the deposition, Plaintiff again cancelled (*Id.* at ¶¶ 8-9).

        In light of the issues with the deposition, this Court held a discovery dispute conference on October 15, 2014 (Doc. 39).   At that time, the Court Ordered the parties to schedule the deposition on an agreed date within the next twenty-one (21) days and directed Plaintiff's counsel to inform Plaintiff that if she continued to refuse to participate in the deposition, her case would be dismissed for failure to participate in discovery (*Id.*).   The deposition was set for October 29, 2014, but Plaintiff subsequently relayed to Defendants that she wanted to air her grievances to Defendants instead of participating in a deposition (Doc. 40 at ¶ 13).   The meeting was set for the same date as the previously scheduled deposition, October 29, 2014 (*Id.* at ¶¶13-14).   Plaintiff informed her counsel on October 28, 2014 that she would not appear and, in fact, failed to appear at the October 29, 2014

meeting (*Id.* at ¶ 15), prompting Defendants to file the pending motion to dismiss

Plaintiff has clearly presented a pattern of failing to participate with discovery. Her deposition has been scheduled on four separate occasions, the last three of which Plaintiff has subsequently expressed her unwillingness to appear and participate in the deposition. Plaintiff's deposition was scheduled on October 10, 2014, October 15, 2014, and October 29, 2014, and each time Plaintiff cancelled her appearance prior to the hearing. Plaintiff even failed to appear for her deposition after being specifically ordered by this Court to appear and to arrange her schedule in order to participate in the deposition. This Court also warned Plaintiff that her failure to comply and participate in the deposition would result in a dismissal of her case, yet Plaintiff still failed to participate in the deposition. Further, Plaintiff has failed to participate in her own scheduled meetings with Defendants as she requested that the October 29, 2014 deposition date be reset as an "airing of grievances" meeting, which she subsequently failed to appear at. It is clear to this Court, given Plaintiff's history with this case, that she continues to willfully refuse to prosecute her case. She continues to fail to participate in discovery and comply with this Court's orders, a fact that her counsel does not dispute. She further failed to appear for the hearing on the pending motion to dismiss, after indicating to her counsel that she would appear. The Court finds that her failures have been frequent and egregious, and justify a dismissal of her case with prejudice. Accordingly, the Court **GRANTS** Defendants' motion to dismiss (Doc. 40) and **DISMISSES with prejudice** Plaintiff's claims against Defendants.

**IT IS SO ORDERED**.
DATED: November 17, 2014.

*/s/ Stephen C. Williams*
STEPHEN C. WILLIAMS
United States Magistrate Judge